*Yuan v. Sessions*

BIA
Vomacka, IJ
A205 075 309

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand eighteen.

PRESENT:
         RALPH K. WINTER,
         RICHARD C. WESLEY,
         CHRISTOPHER F. DRONEY,
              *Circuit Judges.*
_____

MINGCHAI YUAN,

              *Petitioner,*

         v.                                    16-2509
                                               NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

              *Respondent.*
_____

FOR PETITIONER:          Corey T. Lee, New York, NY.

**FOR RESPONDENT:** Drew C. Brinkman, Trial Attorney, Jamie M. Dowd, Senior Litigation Counsel, *for* Chad A. Readler, Acting Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mingchai Yuan, a native and citizen of the People's Republic of China, seeks review of a June 22, 2016, decision of the BIA affirming a January 22, 2015, decision of an Immigration Judge ("IJ") denying Yuan's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mingchai Yuan,* No. A 205 075 309 (B.I.A. June 22, 2016), *aff'g* No. A 205 075 309 (Immig. Ct. N.Y.C. Jan. 22, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

2

The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Yuan was not harmed in the past, she had the burden to establish an objectively reasonable fear of future persecution.  8 C.F.R. § 1208.13(b)(1), (2); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  To meet this standard, an applicant must demonstrate that she would be singled out for persecution, or that there is a pattern or practice of persecution of persons similarly situated to her.  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142–43 (2d Cir. 2008) (per curiam); *see* 8 C.F.R. § 1208.13(b)(2)(iii).

Yuan alleged a fear of persecution in China based on her imputed religious practice and her actual practice of Christianity in the United States.  We have considered Yuan's arguments regarding the reasonableness of her fear of persecution in China and have found them to be without merit.  Therefore, the BIA reasonably concluded that Yuan failed to establish that her fear was objectively reasonable.  *See Jian*

*Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) ("In the absence of solid support in the record . . . , [petitioner's] fear is speculative at best.").

Because Yuan failed to establish the objectively reasonable fear of future persecution needed for asylum, she necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court